UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
STARR INDEMNITY & LIABILITY CO., a/s/o Armenia
Coffee Corp.,

       Plaintiff,        18 Civ. 8541

  -against-            **VERIFIED**
                  **COMPLAINT**
M.V. YERUPAJA, her engines, boilers, etc.,
EVERGREEN MARINE CORP. (TAIWAN) LTD.,
EVERGREEN MARINE (UK) LTD., ITALIA MARITTIMA
S.P.A., EVERGREEN MARINE (HONG KONG) LTD. and
EVERGREEN MARINE (SINGAPORE) PTE LTD. d/b/a
EVERGREEN LINE (a Joint Service Agreement),

       Defendants.
------------------------------------------------------------------------x

  Plaintiff, by its attorneys, NICOLETTI HORNIG & SWEENEY, alleges upon information and belief, as follows:

  **FIRST**: All and singular the following premises are true and constitute admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

  **SECOND**: At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and principal office and place of business stated in Schedule A, hereto annexed, and by this reference made a part hereof.

  **THIRD**: At and during all the times hereinafter mentioned, Defendants Evergreen Marine Corp. (Taiwan) Ltd., Evergreen Marine (UK) Ltd., Italia Marittima S.p.A., Evergreen Marine (Hong Kong) Ltd. and Evergreen Marine (Singapore) Pte Ltd. d/b/a EVERGREEN LINE (a Joint Service Agreement), had and now have the legal status and office and place of business stated in Schedule A, and were and now are engaged in business as common carriers of merchandise

by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the M.V. YERUPAJA as common carrier of merchandise by water for hire.

**FOURTH**: At and during all the times hereinafter mentioned, the M.V. YERUPAJA was and now is a general ship employed in the common carriage of merchandise by water for hire, and now is or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

**FIFTH**: On or about the date and the port of shipment stated in Schedule A, there was shipped by the shippers and delivered to Defendants and the said vessel, as common carriers, the shipment described in Schedule A then being in good order and condition, and Defendants and the said vessel then and there accepted said shipment so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the port of destination stated in Schedule A, and deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignee named in Schedule A.

**SIXTH**: Thereafter, the said vessel arrived at the port of destination and thereafter Defendants made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value by reason of the matters and things stated in Schedule A, all in violation of Defendants' and the said vessel's obligations and duties as common carriers of merchandise by water for hire.

**SEVENTH**: Plaintiff is the duly subrogated insurer of the consignees, shippers and/or owners of the shipment described in Schedule A and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in

the said shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**EIGHTH**:     By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of at least $15,216.83.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if Defendants cannot be found within this District, then all their property within this District as shall be described in Schedule A, be attached in the sum of $15,216.83, interest thereon and costs, the sum sued for in this Complaint;

3. That Judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages together with interest and costs and the disbursements of this action;

4. That process is due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against the M.V. YERUPAJA, her engines, boilers, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessel may be condemned and sold to pay therefor; and

5. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

3

Dated: New York, New York
       September 19, 2018

                                  NICOLETTI HORNIG & SWEENEY
                                *Attorneys for Plaintiff Starr Indemnity &*
                                *Liability Co.*

                                By: _____
                                James F. Sweeney, Esq.
                                Carole A.R. Rouffet, Esq.
                                88 Pine Street, 7th Floor
                                New York, New York 10005
                                Tel: (212) 220 3830
                                jsweeney@nicolettihornig.com
                                crouffet@nicolettihornig.com
                                NH&S file: 28-239 JFS/CR

# SCHEDULE A

**Plaintiff's Legal Status and**
**Office and Place of Business:**

      Plaintiff, STARR INDEMNITY AND LIABILITY COMPANY, was and now is a corporation organized and existing under and by virtue of the laws of one of the states of the United States, with an office and place of business at 399 Park Avenue, Second Floor, New York, New York, 10022.

**Defendants' Legal Status and**
**Office and Place of Business:**

      Defendants, Evergreen Marine Corp. (Taiwan) Ltd., Evergreen Marine (UK) Ltd., Italia Marittima S.p.A., Evergreen Marine (Hong Kong) Ltd. and Evergreen Marine (Singapore) Pte Ltd. d/b/a EVERGREEN LINE (a Joint Service Agreement), were and now are corporations or other business entities organized and existing under and by virtue of foreign laws, with an office and place of business located at c/o EVERGREEN SHIPPING AGENCY (AMERICA) CORP., 1 Evertrust Plaza, Jersey City, NJ 07302.

| | |
|---|---|
| Date of Shipment: | March 2018 |
| Port of Shipment: | Puerto Limon, Costa Rica |
| Port of Discharge: | New York, New York |
| Bills of Lading: | EGLV476800005924 |
| Vessel: | M.V. YERUPAJA - Voyage No. 762W |
| Carrier: | Evergreen Marine Corp. (Taiwan) Ltd., Evergreen Marine (UK) Ltd., Italia Marittima S.p.A., Evergreen Marine (Hong Kong) Ltd. and Evergreen Marine (Singapore) Pte Ltd. d/b/a EVERGREEN LINE (a Joint Service Agreement) |
| Consignee: | Armenia Coffee Corp. |
| Shipment: | Green Coffee beans |
| Container: | TRHU3845248 |
| Nature of damage: | Water damage |
| Amount of loss: | $15,216.83 |
| NH&S Ref: | 28-239 |

## VERIFICATION

STATE OF NEW YORK     )
                      : SS
COUNTY OF NEW YORK    )

      CAROLE A.R. ROUFFET, being duly sworn, deposes and says:

      That she is an attorney admitted to practice before the Courts of this State and a member of the firm of NICOLETTI HORNIG & SWEENEY attorneys for Plaintiff herein.

      That she has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to her own knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters, she believes them to be true.

      Deponent further says that the sources of her information and the grounds for her belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiff concerning the matters set forth in the Verified Complaint in the possession of deponent.

_____
CAROLE A.R. ROUFFET

Sworn to before me this 19th day of
September 2018

_____
Notary Public

VALERIE A. CLUNE
Notary Public, State of New York
No. 01CL4880479
Qualified in Queens County
Certificate Filed in New York County
Commission Expires Dec. 15, 20__

6